# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID E. BOND, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER MATTHEW MILLSAPS, | ) | Case No. 1:10-cv-01036-TWP-DKL |
| OFFICER BRENT BROWN, | ) | |
| SGT. KREJSA, | ) | |
| N. NICKENS, | ) | |
| R TRISSEL, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION TO DISMISS

Plaintiff David E. Bond, Jr. ("Mr. Bond"), has brought suit against Defendants Officer Matthew Millsaps, Officer Brent Brown, Sergeant Krejsa, Officer R. Trissel, and Officer N. Nickens, officers of the Muncie, Indiana Police Department, in their individual capacities (collectively, "Defendants"), alleging that they used excessive force against him during an arrest on August 30, 2008, in violation of the Fourth Amendment of the United States Constitution. This matter comes before the Court on Officers Millsaps' and Brown's Motion to Dismiss, or in the Alternative, to Order Plaintiff to Show Good Cause for Failing to Serve Officers Millsaps and Brown (Dkt. 38), seeking dismissal pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for untimely service of process resulting in lack of personal jurisdiction. For the reasons stated below, Officer Millsaps' and Officer Brown's Motion to Dismiss (Dkt. 38) is **GRANTED**.

## I. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 4(m) requires plaintiffs to serve complaints within 120 days of the filing date.  Because Mr. Bond's delay is indisputably in excess of 120 days, Officer Millsaps and Officer Brown have filed a Motion to Dismiss based on Rules 12(b)(2) and 12(b)(5), which are interrelated and analyzed under the same standards.  *See Pike v. Decatur Mem'l Hosp.*, No. 1:04-CV-0391-JDT-TAB, 2005 WL 2100251*, at *1 (S.D. Ind. Aug. 26, 2005) (citations omitted).  Specifically, Rule 12(b)(5) establishes that a complaint can be dismissed for insufficient service of process.  If process is insufficient, the court lacks personal jurisdiction over the defendant, thus implicating Rule 12(b)(2). *Id.* (citations omitted).   In making its determination, the court may consider affidavits and other documentary evidence. *Id.* at *2 (citations omitted).

## II. <u>BACKGROUND</u>

Mr. Bond filed his Complaint against all Defendants on August 19, 2010.  On September 24, 2010, summonses were issued to all Defendants by the Clerk of the Court.  On November 19, 2010, summonses were returned to the Court showing that Sergeant Krejsa, Officer Nickens and Officer Trissel were all personally served on October 8, 2010.  The returned summonses for Officers Brown and Millsaps indicate that the summonses were left with Trudy Swain, who was an administrative assistant to the Chief of the Muncie Police Department, on October 8, 2010. No further action was taken in this case until March 15, 2011 when the Court issued Mr. Bond an order to show cause as to why his case should not be dismissed under Local Rule 41.1 for failure to prosecute.  (Dkt. 20.)  Mr. Bond's counsel filed a report in response to the order to show cause on March 16, 2011, stating that she "believes that service was affected as of October 8, 2010" but acknowledged that no attorney had entered an appearance on behalf of any of the

Defendants, and claimed that she was waiting for the Court to issue further instructions.  (Dkt. 21.)

In response to the Court's dissatisfaction with the initial report (Dkt. 22), Mr. Bond's counsel filed a supplemental report on March 24, 2011, indicating that she was attempting to perfect service by sending new summonses.  (Dkt. 23.)  On April 1, 2011, over seven months after filing his Complaint, the Court granted Mr. Bond's motion to serve summonses on all Defendants in the manner specified by Fed. R. Civ. P. 4(d)(1) (Dkt. 25) and the Notice of Lawsuit and Request to Waive Service of a Summons was issued by the Clerk on December 6, 2011. (Dkt. 28.)  Officer Nickens and Sergeant Krejsa returned executed waivers of service on December 29, 2011 and January 5, 2012, respectively; however, no such waivers were filed by Officers Brown and Millsaps, and the notice to Officer Millsaps was returned as undeliverable. (Dkt. 29.)  On May 18, 2012, Sergeant Krejsa, Officer Trissel and Nickens filed their Answer (Dkt. 40), and Officers Brown and Millsaps filed their Motion to Dismiss (Dkt. 38).  The record contains no other attempts to serve Officers Brown and Millsaps, and to date these Defendants have not been properly served.

On July 2, 2012, the Court issued an Order to Show Cause to Mr. Bond, requiring him to show cause as to why Officers Millsaps and Brown should not be dismissed for failure to effect proper service upon them, noting that "Plaintiff has done little to attempt to perfect service or advance this lawsuit."  Dkt. 41 at 1.  Mr. Bond responded to the Order to Show Cause and the Motion to Dismiss, essentially stating that the paralegal working on the case, Christine Trouten, mistakenly believed that service had been perfected on all Defendants based upon their office's routine practice of serving police officer defendants at their place of employment, and the appearance of attorneys Mr. Maurovich and Mr. Hinkle on behalf of all five Defendants.  *See*

Dkt. 47-1.  Mr. Brown also asks the Court for additional time within which to serve Officers Brown and Millsaps.

### III.  ANALYSIS

Federal Rule of Civil Procedure 4(m) states in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  If a plaintiff misses the 120-day deadline for service, he may avoid dismissal of his lawsuit upon a showing of either (1) good cause; or (2) excusable neglect.

### A.    Good Cause

Upon a showing of good cause, the court shall extend the time for service "for an appropriate period."  *Tremper v. Air Shields Inc.*, No. IP00-1080-C-B/S, 2001 WL 1000686, at *2 (S.D. Ind. Aug. 27, 2001) (citations omitted).  Good cause requires "reasonable diligence in attempting service." *Id.* (citations and internal quotations omitted).  Poor time management, a busy schedule, and neglect – even excusable neglect – are not "good causes." *Id.* (citation omitted).  The plaintiff bears the burden of showing good cause.  Fed. R. Civ. P. 4(m); *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).  The determination of whether good cause exists is entrusted to the district court's discretion.  *Troxell v. Fedders of North America, Inc.,* 160 F.3d 381, 383 (7th Cir. 1998).

Mr. Bond argues that good cause for failing to serve Officers Millsaps and Brown exists because of the mistaken belief by his counsel's paralegal, Ms. Trouten, that service had been perfected.  He offers the affidavit of Ms. Trouten in which she admits that she "may have missed the deadline to get service perfected on all the Defendants" because counsel appeared on behalf

of all five Defendants on April 3, 2012, and she believed that filing of counsel's appearance "was good enough to consider the Defendants served."  Dkt. 47-1 at 3.  Mr. Bond also argues that there was "some confusion regarding which Defendants obtained extension of time within which to file Answers" leading counsel to believe that all Defendants had been served.  Dkt. 47 at 3.

Mr. Bond's arguments that the mistaken belief that all Defendants had been served based upon the appearance of counsel and the motion for extension of time to file a response to the Complaint is unavailing.  The Seventh Circuit has stated that "simple attorney neglect, without the presence of substantial extenuating factors, such as sudden illness or natural disaster, cannot constitute the sole basis for a 'good cause' determination."  *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990).  In a similar case from the Northern District of Illinois, the court in *Birdsong v. United States*, No. 91 C 7966, 1992 WL 245630 (N.D. Ill. Sept. 24, 1992) rejected plaintiff's counsel's "good cause" explanation that he had instructed two of his employees to make sure the defendant was served with the summons and complaint, but that they were not delivered to the appropriate office because the paralegal erroneously relied on instruction from the clerk's office.  "Counsel cannot escape the consequences of his neglect by claiming that his employees or the Clerk's Office are to blame; he alone is responsible for making certain that service is perfected." *Id.* at *2.  Furthermore, the Indiana Rules of Professional Conduct specifically state that a lawyer may delegate tasks normally performed by the lawyer to a non-lawyer assistant or paralegal, "[p]rovided the lawyer maintains responsibility for the work product."  Ind. R. Prof. Conduct 9.2; S.D. Ind. L.R. 83-5(e).  Mr. Bond's counsel may not excuse their conduct merely by stating that their paralegal made a mistake.  It is counsels' job to supervise the paralegal and ensure that all requirements for proper service are met, so a mistake made by support staff is essentially a mistake made by counsel.

5

Additionally, the belief that all Defendants had been served based upon their counsel's appearance and filing of a motion for extension of time to file a responsive pleading is unreasonable and contrary to well established law.  Federal Rule of Civil Procedure 12 does not make a distinction between general and special appearances, and as long as defendants comply with the rules by raising their defenses in their first responsive pleading, they do not waive their Rule 12(b) defenses. *Swanson v. City of Hammond, Ind.*, 411 F. App'x 913, 915 (7th Cir. 2011). "To waive or forfeit their personal-jurisdiction defense, the defendants must create the expectation that they will defend the suit on the merits…. Asking for additional time to respond to the complaint could not reasonably affect [plaintiff's] expectations about whether the defendants would defend against the complaint on personal-jurisdiction grounds." *Id*. at 916 (internal citations omitted).  It was unreasonable for Mr. Bond's counsel to assume that the filing of the motion for extension of time meant that all Defendants had been served.  In fact, Defendants specifically stated that the motion was asserted, in part, "to protect against the possibility of default judgment."  Dkt. 34 at 2.  There was still a distinct possibility—indeed a high probability given the fact that Mr. Bond's counsel were well aware of the problems with service of Officers Bond and Millsaps—that at least some of the defendants would file a motion to dismiss under Rule 12(b)(5) for failure effectuate proper service as their response to the Complaint.  When the motion for extension of time was filed, Mr. Bonds had not received waivers of service from either Officer Bonds or Officer Millsaps, and the notice sent to Officer Millsaps had been returned as undeliverable five months earlier.  Defendants' counsels' diligence in timely responding to the Complaint cannot be used as a basis for justifying Mr. Bond's counsel's mistake.

**B.      Excusable Neglect/Judicial Discretion**

Absent good cause, Rule 4(m) authorizes the court to grant a discretionary extension of time for service.  *Tremper*, 2001 WL 1000686, at *2 (citing *Panaras v. Liquid Carbonic Indus. Corp*., 94 F.3d 338, 340 (7th Cir. 1996)).  On this point, the Seventh Circuit has articulated a number of factors that a court may consider when exercising discretion, including: (1) a statute of limitations bar, (2) prejudice to the defendant, (3) actual notice of the lawsuit, and (4) eventual service. *Troxell*, 160 F.3d at 383.

With regard to the first factor, the Court notes that Rule 4(m) prescribes dismissal without prejudice for untimely service.  However, in this case, dismissal would effectively be with prejudice because the operative statute of limitations will bar Mr. Bond from re-filing his claims against Officers Millsaps and Brown, since the events in the Complaint occurred in August 2008. Second, Mr. Bond argues that Officers Millsaps and Brown would not be prejudiced by the delay in service because the case is still in its preliminary stages.  Third, Mr. Bond acknowledges that he is not aware whether Officers Millsaps and Brown had actual notice of the lawsuit, though their counsel, in full candor to the Court, stated that he believes that at least Officer Brown may have received "some type of paperwork" regarding the lawsuit.  Dkt. 39 at 5 n.1.  Finally, Mr. Bond admits that he has no knowledge of Officers Millsaps and Brown actually being served.

In light of the factors above, the Court finds that Mr. Bond has not demonstrated excusable neglect sufficient to warrant the exercise of this Court's discretion to allow him more time to serve Officers Millsaps and Brown.  The policy behind the 120-day limit for service is to "encourage prompt movement of civil actions in federal courts."  *Floyd*, 900 F.2d at 1048 (citing 2 J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 4.46, at 4-433 n. 8 (2d ed.1989) (internal

quotations omitted)).   The statute of limitations problem and the lack of prejudice to the Defendants are not sufficient to prevent dismissal and do not require the Court to grant Mr. Bond additional time to serve the Defendants.  *Id.*  Mr. Bond has already been provided with several opportunities beyond the 120-day period to serve all of the Defendants, and still has not done so over two years after filing his suit.  Remarkably, to date, the docket still does not reflect that counsel has perfected service on either Officer Millsaps' or Officer Brown. It is an unfortunate consequence for Mr. Bond that his claims against these two Defendants will effectively be dismissed with prejudice; "[h]owever, the attorney is liable to his client for malpractice 'if his delay blocks the pursuit of a claim that otherwise would have succeeded.'" *Id.* at 1047 (quoting *Powell v. Starwalt,* 866 F.2d 964, 966 (7th Cir.1989)).  The Court finds that dismissal in these circumstances is appropriate.

## IV.  CONCLUSION

For the reasons set forth above, Defendants Officer Millsaps' and Officer Brown's Motion to Dismiss (Dkt. 38) is **GRANTED**.

SO ORDERED.

Date: 01/28/2013
_____

_Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

8

DISTRIBUTION:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com

John Vincent Maurovich
COOTS, HENKE & WHEELER
jmaurovich@chwlaw.com